```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ALICIA BOUDOURIS,

                            Plaintiff,                    ORDER
                                                          CV 14-6719 (DRH) (SIL)
            -against-

THE COUNTY OF NASSAU, MICHAEL
SPOSATO, LAWRENCE SCHNURR,
LOU CAFIERO, and DAN SYDOR,
in their official and individual capacities.

                            Defendants.
----------------------------------------------------------------X
```

**LOCKE, Magistrate Judge:**

Presently before the Court is Plaintiff Alicia Boudouris' ("Plaintiff" or "Boudouris") letter motion to compel the depositions of two government officials, Nassau County Executive Edward P. Mangano ("Mangano") and Nassau County Sheriff Michael Sposato ("Sposato"). *See* Docket Entry ("DE") [29]. Defendants oppose this motion. *See* DE [33]. For the reasons set forth herein, Plaintiff's motion to compel is granted.

In the Second Circuit, depositions of high-ranking government officials are permitted where: "(1) the deposition is necessary in order to obtain relevant information that cannot be obtained from any other source; and (2) the deposition would not significantly interfere with the ability of the official to perform his or her governmental duties." *Victory v. Pataki*, No. 02-CV-0031, 2008 WL 4500202, at *2 (W.D.N.Y. Sept. 30, 2008). Although a party must demonstrate "exceptional circumstances justifying the deposition," *Moriah v. Bank of China Ltd.*, 72 F. Supp. 3d 437, 440 (S.D.N.Y. 2014), courts have allowed such depositions "[w]here the government official was personally involved in the event(s) giving rise to the litigation . . . ." *See Ebbert v. Nassau Cty.*, No. CV 05-5445, 2007 WL 674725, at *5 (E.D.N.Y. Mar. 5, 2007).

Plaintiff, who complains of sexual harassment and retaliation during her work for the Nassau County Deputy Sheriff, meets this standard. The depositions of Mangano and Sposato are necessary as Boudouris alleges that both officials were personally involved in the events that gave rise to the litigation. *See* DE [29] at 2-3 (alleging that Plaintiff spoke to Mangano "on at least nine occasions regarding discrimination and harassment," sent Sposato a memorandum regarding "the sexual harassment within the Family Court Unit," and that Mangano directed Sposato to transfer Boudouris to a different unit). She also claims that certain conversations with the government officials were private, demonstrating that the information cannot be obtained from a different source. *See id.* at 2. Further, the depositions will not "significantly interfere" with Mangano and Sposato's execution of their duties as Plaintiff agreed to limit the depositions to two hours each, and at a time and place agreeable to the officials. *See id.* at 3; *Pisani v. Westchester Cty. Health Care Corp.*, No. 05 CIV.7113, 2007 WL 107747, at *3 (S.D.N.Y. Jan. 16, 2007) (finding that a brief deposition at a government official's office is not a significant interference of official duties).

Accordingly, Plaintiff's motion to compel is granted. Boudouris is permitted to take the depositions of Mangano and Sposato, limited each to two hours and at a time and location mutually agreeable to the parties.

Dated:      Central Islip, New York      **SO ORDERED:**
              August 15, 2016

                                                              s/ Steven I. Locke
                                                              STEVEN I. LOCKE
                                                              United States Magistrate Judge